IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SAMUEL H. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4218-CV-C-NKL |
| ) | |
| MAUSEEN SAUBLE, ) | |
| ) | |
| Defendant. ) | |

### REPORT, RECOMMENDATION AND ORDER

     Plaintiff, an inmate currently confined in the Greene County Justice Center,[1] brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. It was then referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

     Plaintiff was granted leave to proceed as a poor person, without prepayment of the filing fee. The case was screened, pursuant to 28 U.S.C. § 1915A, and on November 24, 2008, all of the claims were dismissed except for those against defendant Mauseen Sauble which relate to plaintiff's mail, telephone and night restrictions at Fulton State Hospital.

     In January 2009, plaintiff notified the court of his new address, indicating he had been moved from Fulton State Hospital to the Greene County Justice Center. In February 2009, plaintiff filed a motion for injunctive relief. His pleading is not entirely clear, but it appears he believes his incoming mail at the Greene County Justice Center is being delayed, opened, and sometimes confiscated to prevent him from pursuing his legal actions. He further asserts the state courts and jail have denied him due process in his criminal proceedings.

     Defendant Sauble responded in opposition to the motion and plaintiff did not file a reply.

     Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested

---

[1] At the time the case was filed, plaintiff was in Fulton State Hospital.

in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Here, plaintiff cannot establish the required relationship between the remaining claims and the conduct of nonparties at a separate institution. Plaintiff is no longer housed at Fulton State Hospital and is not subject to further action by defendant Sauble. The individuals handling plaintiff's mail at the Greene County Justice Center are not defendants in this case, and plaintiff has not shown he has been prejudiced in this case or is likely to be prejudiced in this case because of the handling of his mail by his current jailors. If plaintiff can show his legal mail for this case, and not his criminal case, is currently being confiscated by individuals at the Greene County Justice Center, and he is being prejudiced as a result, he may address that in his exceptions to this recommendation.

2

Plaintiff's assertions relating to the prosecution of his criminal case are not part of this lawsuit, and thus, are not proper issues for preliminary injunctive relief.

The court notes plaintiff has requested copies of all documents filed in this case, for an extension of time to file objections to the recommendation of dismissal and for relief from prosecution. Plaintiff's request for an extension of time is moot because the district court has already ruled on the recommendation.

In at least two documents, plaintiff also requested an order granting him relief from prosecution in his criminal case in the state court system. That issue is not part of this case and is not a proper issue for ruling by this court.

For these reasons, it is

ORDERED that plaintiff's motion of March 19, 2009, to shorten the time for a ruling on the motion for injunctive relief is denied as moot. [29] It is further

ORDERED that plaintiff's motion of January 8, 2009, for a personal hearing is denied. [21] It is further

ORDERED that plaintiff's motion of January 2, 2009, for a free copy of all documents filed in his cases is denied, but the clerk of court is directed to send to plaintiff one copy of the docket sheet in this case, without charge. [19] It is further

ORDERED that plaintiff's request for an extension of time to file exceptions to the October 2008 Report and Recommendation is denied as moot. [19] It is further

RECOMMENDED that plaintiff's motions of December 31, 2008, and February 24, 2009, for injunctive relief be denied. [18, 26]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make

3

specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 7th day of April, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge