# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

SAMUEL H. WILLIAMS,               )
                                  )
                    Plaintiff,    )
                                  )
          v.                      )          No. 08-4218-CV-C-NKL
                                  )
MAUSEEN SAUBLE,                   )
                                  )
                    Defendant.    )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Samuel Williams was granted leave to proceed in forma pauperis on his claims against defendant Maureen Sauble regarding his mail, telephone and night restrictions while housed at Fulton State Hospital. Defendant Sauble filed a motion to dismiss, and plaintiff filed several documents which may have been intended as responses to the motion.[1] Defendant replied.

Plaintiff appears to have been a pretrial detainee in Greene County, Missouri, and temporarily housed at Fulton State Hospital for evaluation or treatment. The record indicates he has returned to the Greene County Justice Center.

Defendant Sauble asserts plaintiff has not alleged (1) her personal involvement in the events giving rise to this lawsuit, (2) actual injury, or (3) denial of access to the courts. Defendant states that plaintiff's only allegation against her is that she "did not let him send out mail to legal places, like the Commission for Removal and Discipline of Judges, the Civil Liberties Union, etc." (Doc. 9.)

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41,

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

In his complaint, plaintiff asserts defendant Sauble refused to let him mail legal documents to the courts and other places. He does not state, however, that he was prejudiced in any case as a result. In his response to defendant's motion, Williams does not identify any case he was unable to file, defend or prosecute because of actions taken by defendant.

The court notes this case was filed while he was housed at Fulton State Hospital. Thus, it appears he was able to initiate at least some complaints and respond to court orders while at Fulton. His pleadings also indicate he was represented by counsel in his state criminal proceedings.

Prisoners and pretrial detainees have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To protect this right, prison officials must ensure inmates have the resources needed to attack their sentences and to challenge their conditions of confinement. Lewis v. Casey, 518 U.S. 343, 351-53 (1996). The central concern is protecting prisoners' rights to prepare petitions or complaints. Bounds, 430 U.S. at 828 n.17 (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)).

2

To prevail on a claim for denial of access to the courts, a plaintiff must show he or she suffered actual injury as a result of defendants' actions. Lewis, 518 U.S. at 353. To satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. at 353).

In this case, plaintiff has not alleged facts indicating he was denied access to the courts and suffered an actual injury, and his mail claim should be dismissed.

Plaintiff's other claims relate to his placing outgoing calls and the conditions of his confinement at night. For those claims, he has not alleged facts showing defendant Sauble is personally involved. He does not state she is responsible for the manner in which calls originating from patients at the hospital are identified to the individuals receiving the calls. Likewise, he has not alleged defendant Sauble actually denied him water or the use of a bathroom at night. The court notes plaintiff complains patients were locked down at night without water or bathrooms, but does not state whether he had access to those things upon request or requested those things from anyone and was refused.

To state a claim under 42 U.S.C. § 1983, a plaintiff must assert a deprivation of a federal right caused by a person acting under color of state or territorial law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). In this case, plaintiff has not done so with respect to defendant Sauble.

At one point, plaintiff suggests defendant Sauble should be held liable because she is a team leader. A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990). The facts alleged by plaintiff do not support personal involvement in a constitutional violation, deliberate indifference or tacit authorization of a constitutional violation.

Plaintiff has filed motions for a court hearing and indicated he has not consented to jurisdiction by the United States Magistrate Judge. A review of the record does not indicate a

3

need for a hearing on the issues raised in the motions. Plaintiff is again advised that his release from confinement is not an issue in this case, and the remaining defendant is not the proper party to release him from jail.

Plaintiff's underlying claims will be ruled by United States District Court Judge Nanette K. Laughrey, who has been assigned to this case. The Magistrate Judge to whom the case has been referred may issue reports and recommendations on dispositive matters, but only non-dispositive pretrial matters are ruled by the undersigned. Plaintiff's consent to the Magistrate Judge is not required. It is, therefore,

ORDERED that plaintiff's motions of December 1, 2008, and May 29, 2009, for a hearing are denied. [11, 38] It is also

RECOMMENDED that defendant's motion of November 25, 2008, be granted and plaintiff's claim be dismissed for failure to state a claim. [9]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 23rd day of June, 2009, at Jefferson City, Missouri.


/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4